474 A.2d 534

**Harold S. TIDLER, E. Burton Tidler, Thomas K. Zeverly, Trustees**

v.

**CITY OF NEW CARROLLTON.**

**No. 999, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

May 7, 1984.

Certiorari Denied June 25, 1984.

Robert E. Bullard, Rockville, for appellants.

Michael A. Schuchat, Rockville (John R. Foran, Greenbelt, and C.L. Fossett, Jr., Seabrook, of counsel), for appellee.

Argued before GILBERT, C.J., and WEANT and BELL, JJ.

WEANT, Judge.

Harold S. Tidler, E. Burton Tidler and Thomas K. Zeverly, Trustees (appellants), appeal from an Order of the Circuit Court for Prince George's County (James Magruder Rea, J.) determining the boundary line between the property of the appellants and that of the City of New Carrollton (appellee) pursuant to Md.Real Prop.Code Ann. art., § 14–111 (1981). While not worded precisely as the questions submitted by the parties, we believe the following more clearly cover the problems:

I. Under the circumstances of the instant case, was the trial court's application of Real Property Article § 14–111, *sua sponte*, erroneous.

II. Where there is no evidence of a boundary line between two tracts and no acquiescence in the line stated in the deed, did the court err in rejecting a metes and bounds description which contained numerous errors and contradictions and which could not be harmonized in

favor of a boundary that was consistent with the intention of the grantor?

This property dispute involved a section of a tract originally known as Lot Number Three (Lot 3) of the Harvey Farm which abuts on Good Luck Road in Prince George's County.

In 1910, Lot 3, "containing 28 acres, more or less," [1] was conveyed to Elizabeth Thorne. In 1915 Thorne conveyed "[o]ne-half (14.32 acres) Lot numbered three (3) ..." to Mary Agnes Dunn, the appellee's predecessor in title. In 1949, Thorne conveyed her remaining interest in Lot 3 to H. Stanley and Edna Tidler. The area purported to be conveyed by the metes and bounds description contained in the Tidler deed included a portion of the land previously conveyed by the 1915 deed to Dunn, creating an "overlap." Conflicting ownership claims to that "overlap" are the basis of this appeal.

The testimony before the trial court was given by three surveyors: Harry L. Stoner, who had made a field survey for the appellee's predecessor in title, platted the original deeds of Lot 3, the adjacent Lot 4 and Tidler's title deed; Clinton G. Light, who had surveyed the remaining Tidler property prior to the conveyance to the church; and James M. Fowler, who had surveyed Tidler's property lying east of the Beltway. In addition to the testimony, documentary evidence in the form of title deeds and plats prepared by the various surveyors were admitted.

Based on his examination of the metes and bounds description in the several title deeds, each witness testified that mistakes in the calls committed by the surveyors, or scrivener's errors by the clerk in reproducing the deeds for the record books, resulted in "closing errors" in the appellants' title deed and in several later conveyances in the appellee's chain of title.

---

1. The original subdivision described the tract as containing 27.88 acres.

## I.

After extensive testimony and exhaustive questioning from the bench, the court advised the parties that it would implement the seldom used Real Property article § 14–111 in order to resolve the boundary dispute. That statute provides:

> If there is a dispute over any boundary line or if the bounds mentioned in a document are lost, on petition of any party in interest, the circuit court of the county where the property lies may establish the boundary lines or the location of the missing bounds. The court may appoint engineers, surveyors, or other experts to assist the court in its determination, and the fees of the experts are costs in the proceeding. (Ann.Code 1957, art. 21, § 14–111; 1974, ch. 12, § 2.)

■ The appellants contend that since neither party filed a petition requesting relief under the statute, the trial court was without authority to invoke that remedy. The appellants' argument is without merit. At the close of all the evidence, the court advised the parties of its intention to proceed in this manner. The appellants not only failed to object to the court's announcement, but volunteered information regarding certain deeds in the chain of title. In addition, when the court ordered the parties' surveyors to prepare a plat in accordance with its determination of the boundaries, the appellants reviewed the plat *and* the decree submitted by the appellee reciting the court's election to proceed under Real Property § 14–111. They then indicated their acceptance of the court's decision as contained therein. The appellants will not now be heard to complain. Md.Rule 1085.

## II.

The trial court found that "either through surveyor error or error in the clerk's office in copying, the description has resulted in descriptions in subsequent deeds that won't close" and ordered the surveyors to correct the error by

"divid[ing] Lot 3 in half as Elizabeth Thorne, grantor, intended in the deed at Liber 109/521 [title deed to Dunn, appellee's predecessor in title]."

The appellants raise several grounds in their argument that the court-determined boundary is erroneous. First, they contend that the survey relied on by the court was invalid because it ignored lines determined by previous surveys. Next, the appellants cite the general rule that, in determining the intent of the grantor where a conflict exists between different parts of the description, elements of less certainty must give way to elements of superior certainty. The appellants insist that the term of quantity contained in the title deed to Dunn, being less certain, must be subordinated to the calls for metes and bounds/courses and distances, even if those calls are acknowledged to be unworkable. Finally, the appellants question whether Elizabeth Thorne actually intended to divide Lot 3 *in half* when she made the partial conveyance of that tract to Dunn. The appellants' argument fails on all grounds.

The court ordered that the new line of division between the properties should begin at a stone used as the corner monument in the metes and bounds descriptions contained in the original title deeds. Finding that the language contained in the earlier deed to Dunn indicated that Thorne had intended to convey one-half of Lot 3 to each of her grantees, the court ordered that the new line be run from the stone to Good Luck Road on an angle that would divide Lot 3 into equal portions. The new border vests title to the overlap in the appellee.

■ The issue is fundamentally one of fact and the established rule as to preferences are simply guides used to ascertain the intention of the grantor. *Wood v. Hildebrand,* 185 Md. 56, 60, 42 A.2d 919, 921 (1945).

The general rule that in the construction of boundaries, the intention of the parties is the controlling consideration, is applied in determining the relative importance of conflicting elements of description. The various rules

adopted by the court for construing and interpreting conflicts between calls of description *all have for their primary purpose the ascertainment of the intention of the parties.*

12 Am.Jur.2d, Boundaries, § 64 (emphasis added). Common sense would dictate that a grant of "one-half" of a tract of land should be construed as a conveyance of a half in quantity. Ample evidence exists to support the trial court's finding that Thorne intended to make equal conveyances to the parties' predecessors in title.

█ Finally, both parties' predecessors in title derived their interests in Lot 3 from a common grantor. Where contending innocent parties derive title of adjoining tracts from a common grantor by successive mesne conveyances and a shortage develops, the one claiming under the common grantor's first deed is not required to contribute to the shortage Clark on Surveying and Boundaries, § 252 (4th ed. John S. Grimes 1976).

The decision of the trial judge (whose obvious expertise in these matters stood him in good stead), determining the boundaries between the parties' properties was not in error.

*JUDGMENT AFFIRMED.*

*COSTS TO BE PAID BY APPELLANTS.*